GROSVENOR et al. v. DASHIELL.

(Circuit Court, D. Maryland. July 10, 1894.)

1. PATENTS—EXTENT OF CLAIM—BREECH-LOADING CANNON.
   In the Seabury patent, No. 425,584, for an improvement in breech-loading cannon, claim 1,—for the combination, with such a cannon, and a breech block therefor, which is withdrawn in a rearward direction, of a breech-block carrier hinged to the breech, and a breech-block retractor hinged to the breech, separate from the carrier, to move independently of the carrier, to draw the breech block thereinto and push it therefrom, but capable of moving with the carrier,—although broad, is sustainable when read in connection with the specification, which accurately describes the device, and states the result to be. accomplished, namely, to effect all the necessary movements by a continuous movement of a single lever.

2. SAME—PRIOR STATE OF ART.
   The claim is not defeated, nor is its construction limited, by the English patent to Nordenfelt, No. 7,195, of February 16, 1888, as the device described therein appears not to be operative, and, though it embodies an attempt to effect all the movements by the continuous swing of a hand lever, does not solve the problem, and lacks the retractor separate from and moving independently of the carrier.

3. SAME—INFRINGEMENT.
   The claim is infringed by the use, without the consent of the patentee, of the device described in the Dashiell patent, No. 468,331, which accomplishes the same result by a combination of the same elements, the mechanism being substantially the same, although varied in form, to render it simpler and more compact.

4. SAME—ACTION FOR INFRINGEMENT—DEFENSES.
   Although devices described in a patent to an officer of the navy are being made for the United States, and in its shops, a suit against such officer to restrain their making and use, as infringing a prior patent, is not objectionable, as in effect an attempt to enjoin the United States, where such manufacture is by authority and direction of the defendant, and under a contract with him by which he is paid a certain sum for each article made.

5. SAME—PLEADING AND PROOF.
   Failure, in such a suit, to sustain by proof charges in the bill imputing bad faith to officers of the United States, does not preclude relief on the ground of infringement unattended with fraudulent acts.

This was a suit by James S. M. Grosvenor, Samuel Seabury, and others, against Robert B. Dashiell, for infringement of a patent.

Wilson & Wallis and Wm. A. Jenner, for complainants.

S. F. Phillips, F. D. McKenney, Ernest Wilkinson, and John T. Ensor, for defendant.

MORRIS, District Judge. The complainants are the owners of United States patent No. 425,584, dated April 15, 1890, upon application filed July 19, 1889, granted to Samuel Seabury, a lieutenant in the United States navy, for an improvement in breech-loading cannon. The defendant is an ensign in the United States navy, and is the patentee of a similar device by letters patent No. 468,331, dated February 9, 1892, upon application filed November 4, 1890.

In Seabury's specification, he states:

"This improvement relates to breech-loading cannon in which a screw breech block, which is withdrawn in a rearwardly direction, is employed with a swinging carrier or receiver, hinging to one side of the breech of the gun, and

into which the breech block is withdrawn, and which serves as a guide for directing the breech block into and from its seat in the breech, and as a support for the breech block while out of the gun. In such a gun there are three movements necessary to open the breech, namely—First, the turning of the breech block to unlock it; second, the withdrawal of the breech block backward into the receiver; and, third. the swinging aside of the receiver with the breech block in it. * * * The object of this improvement is to provide for the more rapid working, loading, and firing of such breech-loading cannon by effecting all these movements in succession by a continuous movement of a single lever."

Seabury then proceeds, by reference to nine drawings, to fully describe the device patented by him.

The first claim, which is the claim charged to have been infringed by the defendant, reads:

"(1) The combination. with a breech-loading cannon and a breech block for the same, which is withdrawn in a rearward direction, of a breech-block carrier hinged to the breech, and a breech-block retractor hinged to the breech, separate from said carrier, to move independently of such carrier, to draw the breech-block thereinto and push it therefrom, but capable of moving with said carrier while the breech block is therein, substantially as herein set forth."

This claim is a broad one, and quite possibly, taken in its largest sense. it might not be sustainable; but it is to be read in connection with the specifications of the patent, which accurately describe the device, and state the result to be accomplished, namely, to effect all the necessary movements by the continuous action of a single lever operated by hand. Read in connection with the specification, the claim points out with clearness the combination which the patentee claims as his invention, and he is entiled to a fair and reasonable construction of his claim, since there has not been put in evidence any publication or United States patent or device in prior use which limits its construction. It is to be noticed that the claim does not include the mechanism by which the breech block is rotated in order to release it from the screw threads, but is only for the combination of the cannon, the breech block, the retractor, and the carrier; the retractor and the carrier to be hinged to the cannon, and the retractor being capable of moving independently of the carrier, but also capable of moving with the carrier when the block is resting on the carrier.

The patent principally relied upon to defeat the novelty of Seabury's claim, or limit its construction, is the English patent to Thorsden Nordenfelt, No. 7,195, of February 16, 1888. A full-size model, made after the drawings and description contained in this patent, has been produced by the defendant, and, if the model is to be taken as correctly exhibiting the device, it is not an operative machine. It appears to have inherent difficulties in the adjustment of the retractor and the carrier, which, even if defects in the construction of the present model were remedied, would seem to stand in the way of its being useful as a piece of ordnance to be rapidly fired under excitement. It does embody an attempt to solve the problem of how, by a continuous swing of a hand lever, the breach block can be quickly withdrawn and turned aside, and, after the cartridge has been inserted, can. by reversing the lever, be returned to its place; but it does not solve that problem, and, moreover, it

lacks one essential of Seabury's claim, namely, the retractor is not separate from the carrier, and does not move independently of the carrier. The difficulty of operating the model seems to arise from the dependence of the retractor and carrier on each other, and because the retractor is not separate from the carrier, and from the extremely nice adjustment required in the mechanism designed to move one without interfering with or obstructing the other, the two not being independent and separate.

It would be useless to attempt, without models or drawings, to discuss the different patents which have been put in evidence as defeating or limiting Seabury's first claim. The result of my examination of them is that they do not avail to deprive Seabury of the presumption, which his patent gives him, that he is the first inventor of the device described by him, containing the combination covered by his first claim. The claim corresponds with the specification, and is intelligible, and is for the elements of the combination which was the real invention; and, when read in connection with the specifications, discloses the operative means which Seabury had combined for producing the result intended.

Seabury's patent was granted to him April 15, 1890, and in May he took a working model, somewhat simplified in its mechanism, to the bureau of ordnance of the navy department, at Washington, and exhibited it to the chief of that bureau, and was requested to forward proper drawings from which a four-inch gun could be made for trial, if it should be thought desirable by that department to test it. There was also published, May 24, 1890, in the Scientific American, a very full description of Seabury's invention, with a number of illustrations exhibiting it in several modified forms.

The defendant had, prior to 1890, given his attention to devices for improving the breech mechanism of rapid-firing cannon, and in June, 1890, he was attached to the bureau of ordnance as an assistant. In September, 1890, he was assigned to duty at the proving grounds at Indian Head, in Maryland. Some improved breech mechanism was immediately desired for guns about to be manufactured for new ships, and the defendant was urged by his chief to give his special attention to this subject. He informed himself fully of all that had been accomplished by others, and procured a copy of Seabury's patent as soon as it was published in the patent office Official Gazette. He was encouraged by the chief of the bureau to exert himself to produce a mechanism which should be simpler than Seabury's, and in August or September he had been able to complete a model which met with the approbation of his chief, who ordered it to be tested. The defendant filed his application for a patent for the device exhibited in this model on November 4, 1890, and a patent was granted to him February 9, 1892. After the filing of defendant's application for a patent, his device having been tested and approved, a large number of guns were made by the ordnance bureau of the navy, containing his device. These guns were made under an arrangement with defendant that, for the use of his device, he should receive a royalty of $125 for each gun.

The defendant's device is alleged to be an infringement of the

first claim of Seabury's patent. It may be said to be substantially admitted by the defendant's expert witnesses that, if Seabury's first claim is not construed narrowly, then the defendant's device must be held to be an infringement, because it does accomplish the withdrawal and turning aside of the breech block by means of the combination of a retractor and a carrier, both hinged to the cannon, and moving independently of each other, and also capable of moving together when turning the breech block aside. The mechanism is substantially the same as that used by Seabury, although varied in form, to render it simpler and more compact. The method of hinging the retractor to the cannon is different in form from Seabury's, but I take it to be the same in operation and effect. In the defendant's mechanism, the lever, while operating the rotating rack, turns upon a pin which passes through the retractor, through the lever, and through a projection from the carrier, and the same pin holds the retractor in place. This pin, at the first glance, has the appearance of being the fulcrum on which the retractor hinges; but, as I understand the mechanism, it is not really so, for the retractor does not begin to draw out the breech plug until after the rotating is finished, and then the retractor does not turn on the pin, but is hinged against the breech of the cannon, and turns on that fulcrum, the pin only serving to attach the lever to the retractor, and not being at all the hinge upon which the retractor turns. I think, therefore, it is fairly to be concluded that, in the defendant's mechanism, the retractor is hinged to the breech of the cannon. It may well be that the defendant's device is an improvement upon Seabury's, which required invention to contrive, and that, as an improvement, it was patentable; but, since it uses the combination of elements contained in Seabury's first claim, it must be held to be an invention which is subordinate to Seabury's patent, and, therefore, if used without his consent, an infringement.

Among other defenses, it is contended that this proceeding is in effect an attempt to enjoin the United States, as it is for the United States, and in its shops, that these guns and breech-loading devices are being made. The testimony shows, however, that the manufacture is by authority and direction of the defendant, and under a contract with him by which he is to be paid $125 for each gun. So far as he is concerned, he is not acting in this connection as an officer of the navy, but as a patentee. He assumes that his own patent gives him the right to do so, and as a patentee he is authorizing and protecting the agents of the government in making and using a device which is an infringement of the Seabury patent. The government cannot itself lawfully use a patented invention without permission of the patentee, and any one who procures such an act to be done, or adopts or accepts its benefits when done, is guilty of an infringement. 3 Rob. Pat. § 897; Id. § 910; James v. Campbell, 104 U. S. 357.

It is also urged that complainants are not entitled to relief, because of their charges in the bill imputing bad faith to certain officers of the ordnance bureau, and that, having failed to sustain

these charges by proof, they are not to be allowed to claim relief upon the ground of an infringement unattended with fraudulent acts. I cannot agree with this contention. The complainants having established the validity of the Seabury patent, and the fact of infringement by the defendant, they are entitled, in a court of equity, to be protected by injunction against the continuance of the infringement. It is the right to this relief which gives the complainants their standing in court, and they have it without regard to whether the infringement has been a mistake or in bad faith.